IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIA GORETTI OETTINGER,

    Plaintiff,

  v.

THE HOME DEPOT, THE HOME DEPOT USA, INC., and DOES 1 to 10,

    Defendants.

No. C 09-01560 CW

ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT AND TO REMAND AND DENYING DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF LARRY K. ARGUELLO

    Plaintiff Maria Goretti Oettinger, a citizen of California, moves, pursuant to Federal Rule of Civil Procedure 15(a), for leave to amend her complaint to add an additional defendant and to remand the case on the ground that the additional defendant would defeat diversity jurisdiction. Defendant Home Depot U.S.A., Inc., a citizen of Georgia, opposes the motions.[1] The matter was heard on July 9, 2009. Having considered all of the papers filed by the parties and oral argument on the motions, the Court GRANTS Plaintiff's motions.

---

[1] Defendant states that it is incorrectly identified in Plaintiff's complaint as The Home Depot and The Home Depot USA, Inc. The Court will refer to Defendant as Home Depot U.S.A., Inc.

Defendant also moves to strike designated paragraphs of the declaration of Larry K. Arguello, counsel for Plaintiff. Because the Court has not relied on any statements in the declaration that are not confirmed by Defendant's exhibits, Defendant's motion is moot and therefore DENIED.

## BACKGROUND

The following facts are alleged in Plaintiff's complaint. On March 1, 2007, Plaintiff was shopping at the Home Depot store located at 3005 Industrial Parkway, Union City, California. Plaintiff's foot came in contact with a defect in the flooring. As a result, Plaintiff fell and sustained injuries.

Plaintiff filed a form complaint in Alameda County superior court on February 26, 2009. Defendant filed an answer on March 26, 2009. On April 9, 2009, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b) on grounds of diversity jurisdiction. Plaintiff does not dispute that removal was proper.

On May 8, 2009, Plaintiff filed this motion for leave to amend her complaint to add a new defendant, Scott Korey. Plaintiff initially maintained that Korey was and is the manager of the Home Depot store in Union City where her injury allegedly occurred. In its opposition, Defendant indicates that Korey is an assistant operations manager. (Korey Dec., ¶ 1.) Plaintiff accepts the correction concerning Korey's title.

Plaintiff assumes that Korey is a citizen of California because he works in Union City. Defendant does not dispute that assumption. If the Court were to grant Plaintiff leave to amend her complaint to add Korey as a defendant, there would no longer be

2

complete diversity between the parties and the Court would no longer have subject matter jurisdiction. Accordingly, Plaintiff also moves that the case be remanded.

Plaintiff has expressed a preference for litigating this case in state court. First, Plaintiff's counsel expressed to Defendant's counsel that because of his lack of experience in federal court, he might need to bring in another attorney to help. (Tolson Dec., ¶8.) Second, Plaintiff argues in her motion that litigating a case in federal court is more expensive than litigating the same case in state court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Id.; DCD Program, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).

Title 28 U.S.C. § 1447(e) provides that if, "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Permitting joinder of non-diverse defendants in a removed action divests a district court of jurisdiction if, as here, diversity is

3

the sole basis for subject matter jurisdiction. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (citing Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1374 (9th Cir. 1980)).

Once a case has been removed, a diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court. Clinco v. Roberts, 41 F. Supp. 2d 1080, 1086-87 (N.D. Cal. 1999). Therefore, a district court must scrutinize a proposed diversity-destroying amendment to ensure that it is proper; in other words, 28 U.S.C. § 1447(e) applies and the logic and liberal policy of Rule 15(a) do not apply. Id.

When a party seeks to join diversity-destroying defendants, courts generally look at six factors. Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (C.D. Cal. 2000); IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, et. al., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006). The six factors are

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Palestini, 193 F.R.D. at 658.

DISCUSSION

I. <u>Palestini</u> Factors

   A.  Necessary Party

Federal Rule of Civil Procedure 19 provides that joinder is required of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests. <u>IBC Aviation</u>, 125 F. Supp. 2d at 1011 (citing Fed. R. Civ. Pro. 19). Such a

> necessary party is one "having an interest in the controversy, and who ought to be made [a] party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." This standard is met when failure to join will lead to separate and redundant actions.

<u>Id.</u> (citing <u>CP Nat'l Corp. v. Bonneville Power Admin.</u>, 928 F.2d 905, 910, 912 (9th Cir. 1991)).

Defendant argues that Plaintiff can obtain complete relief without joinder of Korey because, under the principle of respondeat superior, liability for Korey's actions is imputed to Defendant. Defendant points out that Plaintiff's allegations and claims are against both "Defendants" and thus, any judgment against Korey would be joint and several with Defendant. Defendant also argues that money damages are plausibly recoverable only from itself, because Korey is without means to satisfy a judgment. (Korey Dec., ¶ 5.) Plaintiff responds that Korey is necessary for recovery because, in the current business climate, Home Depot may not be able to satisfy a judgment.

Under California state law, a "plaintiff seeking to hold an employer liable for injuries caused by employees acting within the

5

scope of their employment is not required to name or join the employees as defendants." Perez v. City of Huntington Park, 7 Cal. App. 4th 817, 820 (1992). Moreover, the statute of limitations, discussed below, prevents a separate and redundant action in state court. Korey is not a necessary party to Plaintiff's suit against Defendant. This factor favors Defendant.

B. Statute of Limitations

Plaintiff correctly states that a separate state court action against Korey would be barred by the two-year statute of limitations of California Code of Civil Procedure section 335.1. Therefore, this factor favors Plaintiff.

C. Unexplained Delay

Plaintiff filed her complaint in state court on February 26, 2009. Defendant removed the case to this Court on April 9, 2009. Plaintiff moved to amend the complaint and remand on May 8, 2009. Plaintiff argues that the motion to amend the complaint was timely because it was made very soon after the notice of removal and, overall, very early in the case.

Defendant argues that Plaintiff has known for over two years that there are managers who are citizens of California and who work at the Home Depot store in Union City, yet Plaintiff did not name any of them in the original complaint, and did not move to amend to add one of them until immediately after the case was removed to this Court.

Plaintiff has not explained why Korey was not named in the original complaint, so this factor favors Defendant. However, the period of ten weeks between initiation of the lawsuit and a motion

6

for leave to amend is not a significant delay, so this factor is given little weight.

### D. Motive

Defendant argues that Plaintiff's motive for seeking joinder is to destroy diversity, pointing to suspicions created by the timing of her motion to amend, and to her preference to litigate the case in state court.  Plaintiff states that her objective is simply to obtain a judgment against all persons and entities who are liable, in order to maximize her prospects for collecting the judgment.  Defendant's view of Plaintiff's motive is no more compelling than Plaintiff's explanation of her motive, and Plaintiff's preference for state court is no less honorable than Defendant's for federal court.  Thus, the Court is unwilling to impute an improper motive to Plaintiff and this factor favors Plaintiff.

### E. Validity of Claim

Plaintiff argues that the claim against Korey has merit because it was part of Korey's job duties on the date of the incident to keep the premises safe for the general public. Defendant contends that Plaintiff's allegation that Korey failed to maintain the store premises safely is a passive act of non-feasance, for which he cannot be held liable.  However, the cases Defendant cites are not on point and it is well-established in tort law that acts of non-feasance carry liability when a duty to act exists.  Plaintiff's citations with regard to this question are on point, especially <u>Dillon v. Wallace</u>, 148 Cal. App. 2d 447, 455-456 (1957), a slip and fall case in a grocery store where the non-

7

feasance defense by the store manager was specifically addressed and rejected.

Plaintiff reasonably posits that one or more employees of Defendant's store in Union City might share liability for Plaintiff's injuries. Plaintiff asserts that Korey is one such employee. It is worth noting that, despite Defendant's avowal that Korey was not and is not the manager of the Union City store, he is an assistant operations manager, a position that may reasonably bear responsibility for the safety of areas of the store. Moreover, Defendant does not specifically deny that Korey was responsible for the safety of the area of the store where the injury allegedly occurred. The case against Korey is not, on its face, invalid or weak, so this factor favors Plaintiff.

F.   Prejudice

Among other arguments, Plaintiff asserts that, because of the statute of limitations, denying leave to amend would prejudice her case by barring recovery from an individual employee of Defendant's Union City store who may also share liability. Defendant asserts that, because Korey has agreed to appear at deposition and trial and because Defendant can fully satisfy a judgment, Plaintiff loses nothing by not having Korey as a Defendant in the case. Because of the interest in resolving the entire controversy and adjusting the rights of all involved and because Plaintiff would be unable to initiate a separate state court action against Korey, the Court finds that Plaintiff's case would be prejudiced if leave to amend were not granted.

8

II. Weighing Factors

Based on the above analysis, the Court concludes that the equities weigh in favor of joinder. Therefore, the Court grants Plaintiff's motion for leave to amend to add Scott Korey as a Defendant in her complaint. Because joinder divests the Court of diversity jurisdiction, the case will be remanded to state court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to file her first amended complaint and GRANTS her motion for remand to state court. (Docket No. 5.) Plaintiff may file the proposed FAC forthwith and, if she does, the clerk shall remand the case to the Alameda County superior court.

Defendant's motion to strike designated paragraphs in the declaration of Larry K. Arguello is DENIED. (Docket No. 17.)

IT IS SO ORDERED.

Dated: 7/15/09

CLAUDIA WILKEN
United States District Judge